IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.                              Criminal No. 3:14CR154

TYRONE ANTHONY HARRISON

**MEMORANDUM OPINION**

Tyrone Anthony Harris, a federal inmate proceeding pro se, has filed a motion pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion," ECF No. 35). After the Clerk transmitted the § 2255 Motion to the United States, Harrison submitted a Motion for Leave to Amend the § 2255 Motion. (ECF No. 40.) On September 6, 2016, the Government filed its response to both the § 2255 Motion and the Motion for Leave to Amend. (ECF No. 42.) Harrison then filed a Reply. (ECF No. 43.)

On October 7, 2016, the Court received a Letter Motion to Amend from Harrison. (ECF No. 44.) In his Letter Motion to Amend, Harrison requested that the Court withdraw his initial § 2255 Motion, and indicated that he would be submitting another motion in its place. (Id. at 1.) On October 17, 2016, the Court received Harrison's second motion pursuant to 28 U.S.C. § 2255 ("Amended § 2255 Motion," ECF No. 45-1.) Because Harrison explicitly stated that he desired to withdraw his initial § 2255 Motion, the Court will grant Harrison's Letter Motion to Amend (ECF No. 44). Accordingly, the Amended § 2255

Motion (ECF No. 45-1) supplants the initial § 2255 Motion (ECF No. 35). That motion (ECF No. 35) and the Motion for Leave to Amend (ECF No. 40) will be denied as moot. The action therefore proceeds solely on the Amended § 2255 Motion. (ECF No. 45-1.) In his Amended § 2255 Motion, Harrison raises the following claims for relief:

Claim One: "Mr. Harrison is actually innocent of the guilty plea enter[ed] where the plea enter[ed] was not voluntary, knowing and intell[igent] and followed by a[n] inadequate factual basis for the plea." (Am. § 2255 Mot. 2.)[1]

Claim Two: "The district court erred when accepting the plea when the district court failed to establish[] under [Federal Rule of Criminal Procedure] 11 that the guilty plea was not voluntarily and knowingly, intelligently entered." (Id.)[2]

Claim Three: "Mr. Harrison's counsel was ineffective [for failing] to object to the plea agreement and at the plea hearing where the plea was not enter[ed] . . . voluntarily and knowingly." (Id.)

By Memorandum Order entered on October 26, 2016, the Court directed the Government to respond to Harrison's Amended § 2255 Motion. (ECF No. 46.) The Government filed its response on

---

[1] The Court uses the pagination assigned to Harrison's submissions by the CM/ECF docketing system. The Court corrects the spelling and punctuation in quotations from Harrison's submissions.

[2] Essentially, Harrison contends that the Court erred by concluding that his guilty plea was voluntarily and knowingly entered.

2

January 20, 2017, arguing that Harrison's claims lack merit. (ECF No. 54.) For the reasons set forth below, Harrison's Amended § 2255 Motion (ECF No. 45-1) will be denied.

## I. PROCEDURAL HISTORY

On October 21, 2014, a grand jury charged Harrison with one count of possession with the intent to distribute a mixture and substance containing a detectable amount of cocaine, and one count of possession of a firearm by a convicted felon. (Indictment 1-2, ECF No. 9.) On December 16, 2014, the grand jury returned a Superseding Indictment, charging Harrison with two counts of possession with the intent to distribute a mixture and substance containing a detectable amount of cocaine (Counts One and Five); two counts of possession of a firearm by a convicted felon (Counts Two and Six); two counts of distribution of a mixture and substance containing a detectable amount of cocaine (Counts Three and Four); and one count of possession of a firearm in furtherance of a drug trafficking crime (Count Seven). (Superseding Indictment 1-4, ECF No. 12.)

On March 4, 2015, Harrison entered into a Plea Agreement and pled guilty to Count Seven. (Plea Agreement ¶ 1, ECF No. 18.) In the Statement of Facts supporting the Plea Agreement, Harrison agreed that "the factual allegations

3

contained in this Statement of Facts and in Count Seven of the pending Superseding Indictment are true and correct, and that the United States could have proven them beyond a reasonable doubt." (Statement of Facts 1, ECF No. 19.) Accordingly, Harrison agreed that:

>    1. On or about September 30, 2014, in the Eastern District of Virginia and within the jurisdiction of this, TYRONE ANTHONY HARRISON, in furtherance of a drug-trafficking crime for which he may be prosecuted in a court of the United States, to wit: Possession with Intent to Distribute Cocaine, as charged in Count Five of the Superseding Indictment; which Count is incorporated by reference herein, did knowingly and unlawfully possess a firearm, to wit: a Glock Model 27, .40 caliber Smith & Wesson semiautomatic pistol, serial number RBP039. (In violation of Title 18, United States Code, Section 924(c)).
>    2. The defendant has previously been convicted of this offense. As such, the defendant understands that the mandatory minimum sentence is twenty-five years' imprisonment, and the maximum penalty is life imprisonment, a fine of $250,000, and not more than 5 years of supervised release.
>    3. On September 30, 2014, TYRONE ANTHONY HARRISON was arrested on a federal arrest warrant. Members of the AFT and Henrico County Police took HARRISON into custody at 1720 Williamsburg Road, Richmond, VA.
>    4. When arrested, HARRISON had been operating a 2006 Dodge Charger. Upon being arrested, HARRISON admitted that the vehicle was his. He gave the agents permission to search his vehicle. Law enforcement officers located a hidden compartment behind the stereo of the vehicle.
>    5. In the hidden compartment, agents recovered a Glock Model 27, .40 caliber Smith & Wesson semiautomatic pistol, serial number RBP039 and approximately 77 grams of cocaine.

> 6. Prior to September 30, 2014, HARRISON was convicted of an offense in violation of Title 18, United States Code, Section 924(c).
> 7. The firearm recovered, was determined to have been designed to expel a projectile by means of an explosive and is therefore a "firearm" under Title 18 U.S.C. § 921(a)(3).

(Id. ¶¶ 1-7.)

In the Plea Agreement, Harrison "admit[ted] the facts set forth in the statement of facts filed with his plea agreement and agree[d] that those facts establish guilt of the offense charged beyond a reasonable doubt." (Plea Agreement ¶ 3.) Harrison also agreed that he was "satisfied that [his] attorney ha[d] rendered effective assistance." (Id. ¶ 4.)

During the Rule 11 proceedings, Harrison confirmed his understanding of the charge and his understanding that, with respect to Count Seven, the mandatory minimum sentence he was facing was twenty-five years and the maximum sentence was life. (Mar. 4, 2015 Tr. 11-12, ECF No. 41.) He said that he was satisfied with what counsel had done for him in his case. (Mar. 4, 2015 Tr. 17.) He also confirmed that, by pleading guilty, he was waiving certain trial rights. (Mar. 4, 2015 Tr. 18-21.) Finally, Harrison agreed that the Statement of Facts supporting his plea was correct and that he had signed the Statement of Facts because the information contained therein was true. (Mar. 4, 2015 Tr. 25-26.) At the conclusion of the Rule 11

proceedings, the Magistrate Judge found that Harrison "[was] fully competent and capable of entering an informed plea and [was] aware of the nature of the charges and the consequences of such a plea." (Mar. 4, 2015 Tr. 28.) The Magistrate Judge also concluded that Harrison's plea was "a knowing and volunta[ry] plea supported by an independent basis of fact containing each of the essential elements of the offense." (Mar. 4, 2015 Tr. 28.)

On June 16, 2015, the Court entered judgment against Harrison and sentenced him to 300 months of imprisonment, which was the mandatory minimum sentence that Harrison could have received. (J. 2, ECF No. 31.) Harrison did not appeal.

## II. PROCEDURALLY DEFAULTED CLAIMS

In Claim One, Harrison contends that he "is actually innocent of the guilty plea enter[ed] where the plea enter[ed] was not voluntary, knowing and intel[igent] and followed by an inadequate factual basis for the plea." (Am. § 2255 Mot. 2.) In Claim Two, Harrison argues that the Court "erred when accepting the plea when the district court failed to establish[] under [Federal Rule of Criminal Procedure] 11 that the guilty plea was not voluntarily and knowingly, intelligently entered." (Id.)

6

The Government correctly notes that, absent a showing of cause and prejudice or actual innocence, Claims One and Two are barred from review here because Harrison could have raised, but did not raise, these claims on direct appeal. See Bousley v. United States, 523 U.S. 614, 622-23 (1998); see also United States v. Linder, 552 F.3d 391, 397 (4th Cir. 2009) (internal quotation marks omitted) (citation omitted) (explaining that a petitioner who waives the right to appeal "is not precluded from filing a petition for collateral review. But he is precluded from raising claims that are the sort that could have been raised on appeal.").

Here, Harrison contends that he is actually innocent because his Plea Agreement "fail[ed] to stipulate the predicate drug offense elements." (Am. § 2255 Mot. 5.) Harrison appears to believe that he is actually innocent because he did not plead guilty to a violation of 21 U.S.C. § 841, which, according to him, "is required to be . . . convict[ed] of the charge of 18 U.S.C. [§] 924(c)." (Id. at 6.) With respect to actual innocence, a "petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623 (citation omitted) (internal quotation marks omitted).

7

Moreover, actual innocence refers to "factual innocence, not mere legal insufficiency." Id. (citation omitted).

Here, Harrison has not satisfied his burden to demonstrate that he is factually innocent of possessing a firearm in furtherance of a drug trafficking crime. Instead, Harrison contends that his conviction under 18 U.S.C. § 924(c) is legally insufficient because he did not also plead guilty to the predicate drug offense. Harrison's argument, however, lacks merit. As the Fourth Circuit has noted, "the government was not required to . . . convict [Harrison] of the § 924(c) predicate offense." United States v. Randall, 171 F.3d 195, 208 (4th Cir. 1999) (citing United States v. Crump, 120 F.3d 462, 466 (4th Cir. 1997)). Moreover, by signing the Statement of Facts accompanying his Plea Agreement, Harrison agreed that he had possessed the firearm in furtherance of a drug trafficking crime, "to wit: Possession with Intent to Distribute Cocaine, as charged in Count Five of the Superseding Indictment." (Statement of Facts ¶ 1.) Because Harrison has not demonstrated cause and prejudice or his actual innocence, Claims One and Two will be dismissed.[3]

---

[3] In his Motion for Leave to Amend, Harrison alleged that he is actually innocent pursuant to the Supreme Court's decision in Mathis v. United States, 136 S. Ct. 2243 (2016), because he was not convicted of the predicate drug offense. (ECF No. 40-1, at 2.) Harrison did not raise this argument in his Amended § 2255

8

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if

---

Motion; nevertheless, it is readily rejected as meritless. In Mathis, the Supreme Court reaffirmed the approach by which courts should determine if a prior conviction is one of the enumerated violent felonies set forth in 18 U.S.C. § 924(e)(2)(B)(ii) for purposes of the Armed Career Criminal Act ("ACCA"). 136 S. Ct. at 2243. Harrison, however, was not sentenced under the ACCA. Accordingly, Mathis does not apply to his conviction and sentence.

the claim is readily dismissed for lack of prejudice. Id. at 697.

In the context of a guilty plea, the Supreme Court has modified this second prong of Strickland to require the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). In the absence of extraordinary circumstances, the truth of the sworn statements Harrison made during his Rule 11 hearing is "conclusively established." United States v. Lemaster, 403 F.3d 216 221-22 (4th Cir. 2005). No circumstances exist here that would lead the Court to consider Harrison's prior sworn statements as other than truthful.

In Claim Three, Harrison contends that "counsel was ineffective [for failing] to object to the plea agreement and at the plea hearing where the plea was not enter[ed] in[to] voluntarily and knowingly." (Am. § 2255 Mot. 2.) In support of his claim, Harrison vaguely suggests that counsel was ineffective for failing to raise the arguments Harrison now addresses in Claims One and Two. (See id. at 6.) As discussed above, however, Harrison's theory of actual innocence (that he did not also plead guilty to the predicate drug offense) is

utterly lacking in merit. Therefore, counsel cannot be ineffective for failing to raise a meritless argument. See United States v. Moore, 934 F. Supp. 724, 731 (E.D. Va. 1996).

Harrison also alleges that counsel was ineffective by "advis[ing him] to accept the plea agreement offer, knowing of the host of errors in the plea agreement." (Am. § 2255 Mot. 6.) In his initial § 2255 Motion, Harrison argued that counsel was ineffective by "erroneously advis[ing him] to enter into a plea agreement and plea[d] guilty to Count Seven . . . without first making an independent examination on the facts, circumstances, and laws involved." (Mem. Supp. § 2255 Mot. 3, ECF No. 36.) Specifically, Harrison believes that counsel should not have advised him to accept the Plea Agreement and plead guilty to Count Seven because there was no evidence that he possessed the firearm in furtherance of a drug trafficking crime. (Id. at 4.) As discussed below, Harrison's argument lacks merit.

Title 18 U.S.C. § 924(c)(1)(A) provides that an individual who "during and in relation to any . . . [federal] drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" is subject to differing terms of imprisonment, dependent upon how the firearm is used or possessed. 18 U.S.C. § 924(c)(1)(A). In

determining what is necessary to establish a violation of § 924(c)(1)(A), the Fourth Circuit has stated:

> In order to establish a violation of § 924(c), the evidence must tend to show that the firearm "furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). A trier of fact might include, for example, in its consideration whether the firearm furthered the drug crime by considering "'the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon . . . whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found.'" Lomax, 293 F.3d at 705 (quoting United States v. Ceballos-Torres, 218 F.3d 409, 414-15 (5th Cir. 2000)). Moreover, jurors are allowed to make common sense conclusions when drugs and firearms are found together due to the "unfortunate reality that drugs and guns all too often go hand in hand." Lomax, 293 F.3d at 706. A mere accidental or coincidental presence of a gun is not enough to satisfy this requirement; but, if its purpose is to protect or embolden the defendant, the statute is satisfied. United States v. Lipford, 203 F.3d 259, 266 (4th Cir. 2000) (citing United States v. Mitchell, 104 F.3d 649, 654 (4th Cir. 1997)).

United States v. Sullivan, 455 F.3d 248, 260 (4th Cir. 2006) (omission in original).

At the time of Harrison's arrest on September 30, 2014, Harrison gave the arresting officers permission to search his vehicle. (Statement of Facts ¶ 4.) Officers "located a hidden compartment behind the stereo of the vehicle." (Id.) In that compartment, officers "recovered a Glock Model 27, .40 caliber Smith & Wesson semiautomatic pistol, serial number RBP039 and

approximately 77 grams of cocaine." (Id. ¶ 5.) Furthermore, the Government's file also included evidence that, on June 3, 2014, Harrison was stopped while driving by a Richmond City Police Officer. (Pre-Sentence Investigation Report ("PSR") ¶ 8, ECF No. 24.) The officer "noticed that several buttons on [Harrison's] button fly jeans were undone." (Id.) A canine unit was called to the scene, and the canine "alerted on the area of [Harrison's] crotch." (Id.) A search of Harrison's person revealed approximately 31 grams of cocaine. (Id.) Upon searching Harrison's vehicle, officers located a Taurus .40 caliber pistol in the pocket of the rear passenger seat. (Id.)

From this evidence, counsel reasonably could have concluded that Harrison possessed the firearm in furtherance of a drug trafficking crime. On both occasions when Harrison was stopped, he was found in possession of significant amounts of cocaine. On both occasions, a firearm was located in close proximity to the cocaine. Moreover, it was unlawful for Harrison to possess any firearm as a convicted felon. There was no evidence that Harrison accidentally or coincidentally possessed the firearm. See United States v. Savage, 653 F. App'x 754, 755-56 (11th Cir. 2016) (concluding that evidence was sufficient to demonstrate that defendant possessed a firearm in furtherance of drug trafficking because the defendant's abandoned vehicle "reeked of

13

marijuana" and officers located $2,000.00, two pill bottles, and a Glock semiautomatic pistol inside the vehicle); United States v. Timmons, 283 F.3d 1246, 1253 (11th Cir. 2002) (concluding that evidence was sufficient to sustain defendant's § 924(c) conviction for possession of a firearm in furtherance of a drug trafficking crime when officers found crack cocaine on the stove and two firearms on top of the oven in the defendant's apartment); cf. Muscarello v. United States, 524 U.S. 125, 126-27 (1998) (considering the prior version of § 924(c) and concluding that the phrase "carries a firearm" also "applies to a person who knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies"). Because the evidence did not permit any inference that Harrison did not merely accidentally or coincidentally possess the firearm and because Harrison never told counsel that his obvious possession was accidental or coincidental, counsel reasonably determined that it would be futile for Harrison to forego a guilty plea, go to trial, and then argue that the evidence against him was insufficient to sustain a conviction on Count Seven.

In any event, Harrison has not demonstrated prejudice from counsel's advice suggesting that he accept the Plea Agreement and plead guilty to Count Seven. Had Harrison rejected the plea

14

and been convicted of all seven counts at trial, he almost certainly would have been sentenced to a longer term of imprisonment than the 300 months (25 years) that he is currently serving. For example, because Harrison had previously been convicted of an offense under § 924(c), a conviction on Count Seven would have ensured a mandatory minimum sentence of 25 years. See 18 U.S.C. § 924(c)(1)(C)(i). Moreover, this sentence would have run consecutively to any sentences imposed for the other six counts. See id. § 924(c)(1)(D)(ii).

In sum, Harrison simply has not met his burden of demonstrating that counsel misadvised him with respect to the Plea Agreement. Because Harrison has not demonstrated deficiency of counsel or resulting prejudice, Claim Three will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Harrison's Letter Motion to Amend (ECF No. 44) will be granted to the extent that the Amended § 2255 Motion (ECF No. 45-1) supplants the initial § 2255 Motion (ECF No. 35) and the Motion for Leave to Amend (ECF No. 40). Harrison's prior Motion for Leave to Amend (ECF No. 40) will be denied as moot. Harrison's Amended § 2255 Motion (ECF No. 45-1) will be denied as moot. The action will

be dismissed. A certificate of appealability will be denied because there is no viable basis for appeal.

The Clerk is directed to send a copy of the Memorandum Opinion to Harrison and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 24, 2017